No. 2725

Second Circuit

---

## COOK AND BOYETT v. POLICE JURY OF BIENVILLE PARISH

---

(November 6, 1926.  Opinion and Decree.)
(December 11, 1926.  Rehearing Refused.)
   (January 31, 1927.  Writ of Certiorari and Review Denied by Supreme Court.)

---

(*Syllabus by the Court*)

1. **Louisiana Digest—Injunction—Par. 1, 31, 45.**

Police juries act through written ordinances and until an ordinance is adopted the fear or belief of a citizen that the police jury will make an illegal or improper use of tax funds under its control will not justify the issuing of an injunction to prohibit the feared action. The writ of injunction is designed to prevent an actual or impending injury.
   State ex rel. Kiefer vs. Judge, 34 La. Ann. 89.
   Redenez vs. City of New Orleans, 29 La. Ann. 271.
   Harrison vs. City of New Orleans, 33 La. Ann. 222.

2. **Louisiana Digest—Injunction—Par. 27, 31; Parishes—Par. 24.**

Police juries have full authority over the public roads in their respective parishes and courts are without authority to interfere by injunction with matters within their discretion and under their control in advance of ordinance or resolution passed by them.
   Revised Statutes, Sec. 2750.
   Reynaud vs. Parish of St. John, 138 La. 66, 70 South. 39.
   State vs. Adams, 46 La. Ann. 839, 15 South. 490.
   State vs. Judges, 35 La. Ann. 1075.

Appeal from the Second Judicial District Court of Louisiana, Parish of Bienville.

Action by William T. Cook and Vinson H. Boyett against Police Jury of Bienville Parish, et al.

There was judgment for defendants and plaintiffs appealed.

Judgment affirmed.

Robertson & Gibbs, of ———, attorneys for plaintiffs, appellants.

W. D. Goff, of Arcadia, attorney for defendants, appellees.

### STATEMENT OF THE CASE

REYNOLDS, J.  This is an injunction suit based on the ground that a 5-mill road tax had been voted for the purpose of construction, maintaining and keeping in repair public roads and highways in Road District No. 1 of Ward 4 of Bienville parish, and that the police jury of that parish had appointed a committee to be in charge and expenditure of the fund and that the plaintiffs had been reliably informed and believe that the committee has proposed and is proposing, with the approval of the police jury, to use all the funds for the construction, building and maintenance of State Highway No. 13, which runs from the Red River parish line to the Jackson parish line, and which passes through Ringgold and through said

District No. 1, via Jamestown, in said district, to Bienville in your said parish, and that five miles of said State Highway No. 13 passes through said District No. 1, to the neglect and detriment of the Jamestown-Castor road, Jamestown-Lawhon road, Jamestown-Woodard Mill road, and Nixon-McMichael road in said District No. 1.

The defendant filed an exception of no cause of action, which was sustained by the District Court, and plaintiffs appealed.

## OPINION

As to the members of the committe appointed by the Police Jury, Robert R. Nix, Lonnie Bailiff and J. G. Chandler, the petition does not express a cause of action for the reason that the committee was not acting under the direction of or for the plaintiffs and was in no way amenable to plaintiffs.

If the ordinance of the police jury under which the committee was acting was illegal, plaintiffs had a right to sue to annul it, but they had no right by writ of injunction to make the committee subject to their direction.

As to the police jury, plaintiff's petition does not express a cause of action for the reason that plaintiffs do not allege that the police jury has acted illegally or beyond its powers. Plaintiffs' complaint is that they fear and believe that the committee, with the approval of the police jury, will use all of the tax fund in the building and maintaining of State Highway No. 13 and will not spend any of the fund on any other public roads in Road District No. 1.

There is no allegation in the petition that the tax fund or any part of it has been collected, or that the bonds, if any were authorized, have been sold, or that the police jury has any of the tax fund in its hands to spend.

The police jury is vested with discretion and has plenary authority as to public roads in their respective parishes and the courts are without authority by writ of injunction to direct how the police jury shall use this discretion in advance of its having taken any action whatever.

For the above reasons the judgment sustaining the exception of no cause of action is correct.

It is therefore ordered, adjudged and decreed that the judgment appealed from be affirmed.